NEW-YORK,
Oct. 1815.

VAN WYCK
v.
MONTROSE.

undertook, and promised, &c. to pay to the plaintiffs' testator, in his lifetime," &c.

To this declaration there was a demurrer and joinder thereon, which was submitted to the court without argument.

---

## VAN WYCK *against* MONTROSE.

### THOMPSON AND JOHNSON *against* MONTROSE.

On a judgment on a bond for a penalty, the plaintiff cannot, by his execution, collect more than the sum mentioned in the condition of the bond, with interest and costs.

IN the first of these causes, a judgment was obtained on a bond, with a penalty of 750 dollars, conditioned to pay 375 dollars; and in the second, on a bond, with a penalty for 800 dollars, conditioned to pay 400 dollars.

*D. Ruggles,* attorney for the plaintiff in the first suit, issued a *fi. fa.* on the judgment, to the sheriff of the county of *Orange,* directing him to collect 114 dollars and 66 cents more than the sum expressed in the condition of the bond, with interest and costs, on the ground that, after the judgment was entered up, the defendant consented that the execution might be issued to collect such further sum, in order to cover and include a book debt of the defendant, owing to the plaintiff. The sheriff

NEW-YORK,
Oct. 1815.

VAN WYCK
v.
MONTROSE.

proceeded according to the direction of the plaintiff's attorney, and levied the whole amount so directed, by a sale of all the property, real and personal, of the defendant, and paid the money to the plaintiff's attorney.

*Baker*, in behalf of the plaintiffs in the second suit, now moved for a rule, that the plaintiff in the first suit, be ordered to pay over to the plaintiffs in the second suit, the sum of 114 dollars and 66 cents, so collected, on the judgment in the first suit, over and above the condition of the bond and interest, and costs.

*Per Curiam.* It was an irregularity, in the attorney of *Van Wyck*, to direct the sheriff to collect more than the sum mentioned in the condition of the bond, with interest and costs ; and it cannot be cured by any agreement between the parties. To allow the creditor, or his attorney, thus to carve for himself, would be sanctioning a practice that would lead to oppression. No person can be admitted to exact by execution what he claims as a debt, without a previous judicial sanction, explicitly given.

That the judgment was for a penalty, makes no difference in the case. The reasons assigned by this court, in the case of *Watson* v. *Fuller*, (6 *Johns. Rep.* 283.) are also applicable to the case now before us. Indeed, the present case is much stronger ; because, the irregularity, if permitted, would defeat a vested right of the second judgment creditors, who have a *fieri facias* on their judgment, in the hands of the same sheriff.

Let a rule be entered, that *D. Ruggles*, the attorney of the plaintiff in the first suit, pay back to the sheriff the sum of 114 dollars and 66 cents, in order that the same may be applied towards the *fi. fa.* now in his hands, or which he may receive on the second judgment.

Rule granted.